FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Nov 01, 2022**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHERYL K.,[1] | No. 4:20-CV-05200-ACE |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | **ECF Nos. 21, 31** |

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF No. 21, 31.  Attorney Chad Hatfield represents Cheryl K. (Plaintiff); Special Assistant United States Attorney Jacob Phillips represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on November 11, 2013, alleging disability since

---

[1]To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

January 31, 2007,[2] due to bulging discs, degenerative disc disease, hypertension, anxiety, and depression.  Tr. 137-38.  The applications were denied initially and upon reconsideration.  Tr. 213-21, 223-31.  Administrative Law Judge (ALJ) Guila Parker held a hearing in Wisconsin on July 10, 2017, Tr. 40-75, and issued an unfavorable decision on August 25, 2017.  Tr. 182-202.  Plaintiff requested review by the Appeals Council and on July 10, 2018, the Appeals Council remanded the claim for further proceedings.  Tr. 203-05.

Administrative Law Judge Lori Freund held a remand hearing in Washington on March 4, 2019.  Tr. 76-135.  On June 24, 2019, she issued another unfavorable decision.  Tr. 17-28.  Plaintiff again requested review by the Appeals Council and on August 26, 2020, the Appeals Council denied Plaintiff's request for review.  Tr. 1-5.  The ALJ's June 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 27, 2020.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1963 and was 50 years old as of her amended alleged onset date.  Tr. 81.  She has a college education and has worked as an accounting clerk and in restaurants in various positions.  Tr. 540, 590.  She has struggled with back and neck pain for many years.  Tr. 115-16.  Throughout the relevant period she has reported numerous falls due to dizziness and passing out, resulting in many ER visits for various injuries.  Tr. 909, 970, 984, 988, 1099-1100, 1300-01, 1351, 1366, 1616, 1842-43, 1960, 2011, 2048-49, 3137, 2154.  She has also had many emergency visits for abdominal pain, nausea, and vomiting.  Tr. 916, 949-50, 965, 1143, 1152, 1199, 1238, 1419, 1896, 1915, 2098, 2211, 2274.  She has additionally

---

[2] Plaintiff later amended her alleged onset date to November 13, 2013.  Tr. 81.

broken both of her feet at different times, requiring surgical interventions in 2015 and 2017, and underwent knee surgery in late 2018, a few months prior to her remand hearing.  Tr. 891-901, 995-1005, 2285-86.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v.*

*Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On June 24, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar regions of the spine; fibromyalgia; obesity; and musculoskeletal impairment of the left knee.  *Id.* The ALJ found Plaintiff's reports of syncope (fainting) with falling did not constitute a medically determinable severe impairment, that her various sprains, fractures, and lacerations were non-severe due to not limiting her ability to perform basic work-related activities for any continuous 12-month period, and that her symptoms of depression and anxiety did not rise to the level of a severe impairment.  Tr. 20-21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 21

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform less than a full range of light exertion level work, with the following specific limitations:

> The claimant can lift and carry a maximum of 10 pounds frequently and a maximum of 20 pounds occasionally. She can sit for a total of six hours in an eight-hour workday with normal breaks. The claimant can stand and walk for a total of six hours in an eight-hour workday with normal breaks. She must have the option to alternate between sitting and standing for one to three minutes at one-hour intervals. She can occasionally operate foot controls bilaterally. The claimant can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. She can never have exposure to unprotected heights or hazardous machinery. The claimant can never have exposure to operational control of moving machinery.

Tr. 21-22.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as an accounting clerk and informal waitress. Tr. 26.

Alternatively, the ALJ found at step five that, considering Plaintiff's age education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of housekeeping cleaner, storage rental clerk, and mailroom clerk. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

1    Plaintiff contends the ALJ erred by (1) improperly relying on the erroneous

2    testimony of the medical expert; (2) failing to find certain impairments severe at

3    step two; (3) failing to conduct an adequate analysis at step three; (4) improperly

4    rejecting Plaintiff's subjective complaints; and (5) conducting an inadequate

5    analysis at steps four and five.

6                                       **DISCUSSION**

7    **1.    Plaintiff's Subjective Complaints**

8    Plaintiff contends the ALJ erred by improperly rejecting her subjective

9    statements.  ECF No. 21 at 15-20.

10    It is the province of the ALJ to make determinations regarding a claimant's

11    subjective reports.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must

12    be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231

13    (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying

14    medical impairment, the ALJ may not discredit testimony as to the severity of an

15    impairment merely because it is unsupported by medical evidence.  *Reddick v.*

16    *Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of

17    malingering, the ALJ's reasons for rejecting the claimant's testimony must be

18    "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.

19    1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are

20    insufficient: rather the ALJ must identify what testimony is not credible and what

21    evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.*

22    *Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

23    The ALJ concluded Plaintiff's medically determinable impairments could

24    reasonably be expected to cause the alleged symptoms; however, Plaintiff's

25    statements concerning the intensity, persistence and limiting effects of those

26    symptoms were not entirely consistent with the medical evidence and other

27    evidence in the record.  Tr. 22.  The ALJ found Plaintiff's allegations to be

28    unsupported by her demonstrated activities, inconsistent with her prior statements

about her pain and response to treatment, and unsupported by the objective evidence.  Tr. 23-25.

Plaintiff argues the ALJ erred, as her discussion of the medical evidence omitted references to Plaintiff's foot impairments, syncopal episodes and fibromyalgia, focusing on many of the aged records and not discussing the more recent records.  ECF No. 21 at 16-17.  Plaintiff further argues that the ALJ failed to make any findings specifically discounting any of her allegations or how any of the cited records support a light RFC.  *Id.* at 17.  She finally asserts that none of the activities noted by the ALJ indicate that she is capable of performing light work on a regular and continual basis.  *Id.* at 18-19.  Defendant argues the ALJ reasonably considered the record in concluding that Plaintiff's activities were inconsistent with her allegations, her testimony was inconsistent with prior statements regarding pain control, and that the objective evidence and Plaintiff's inconsistent statements about her narcotic pain medication use undermined her allegations.  ECF No. 31 at 15-18.  Defendant further asserts Plaintiff failed to meaningfully challenge much of the ALJ's rationale and merely offered an alternative interpretation of the record.  *Id.* at 18-19.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's subjective allegations.  A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  However, the ALJ here identified only sporadic and infrequent activities, including two incidents of attempting to lift something heavy over the course of a nearly six-year relevant period.  Tr. 23.  The ALJ failed to explain how Plaintiff's other activities, including occasional yard work or household chores, done at her own pace, indicated any inconsistency with her alleged limitations.  The Ninth Circuit has repeatedly found that the ability to perform basic daily activities is not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1287 n.7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

While an ALJ may consider inconsistent statements by a claimant in assessing her credibility, *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001), the Court finds the occasional incidents of Plaintiff reporting pain relief with medications do not amount to substantial evidence of inconsistent reports. That a person experiences occasional improvement, or waxing and waning of pain symptoms, does not mean that her impairments no longer seriously affect her ability to function; treatment records must be viewed in light of the overall diagnostic picture. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014); *Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001). Though Plaintiff occasionally reported some pain relief or that medication reduced her pain, she also had numerous emergency visits for various pain issues and continually sought more treatment for her chronic unresolved issues. The record as a whole does not support the ALJ's conclusion that Plaintiff's conditions were sufficiently managed by her pain medication use.

///

The only other rationale offered by the ALJ was that Plaintiff's allegations were unsupported by the objective evidence. However, this is an insufficient rationale on its own. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Furthermore, in her summary of the treatment evidence, the ALJ acknowledged that imaging performed in October 2018 showed more severe degenerative changes in Plaintiff's cervical spine; yet the ALJ failed to factor this apparent worsening into the discussion or the RFC.

On remand the ALJ will reconsider Plaintiff's subjective reports.

**2.   Step Two**

Plaintiff argues the ALJ erred at step two in failing to find her syncopal episodes and various foot injuries to be severe impairments. ECF No. 21 at 11-13.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). To be medically determinable, the impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290 (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**a.   Foot Injuries**

The ALJ found that Plaintiff's various sprains, fractures, and lacerations resulting from her falls resolved with treatment and did not significantly limit her

for more than 12 months.  Tr. 20.  Plaintiff argues that the longitudinal record confirms progressive pain and worsening ability to stand due to various foot injuries as far back as January 2014, with multiple foot surgeries throughout the relevant period.  Tr. 2-4, 12.  Defendant argues the ALJ reasonably addressed this evidence, as none of Plaintiff's foot injuries lasted for twelve months.  ECF No. 31 at 2-3.

While the ALJ is correct that many of Plaintiff's injuries were temporary and resolved quickly, the Court finds the ALJ's discussion is not entirely factually accurate.  Plaintiff's first foot injury during the relevant period occurred in January 2014 when she fractured her right ankle and toes in a fall.  Tr. 910.  She continued to report pain and swelling in her right foot throughout 2014, with worsening symptoms by February 2015.  Tr. 891, 1174-75, 1783, 1798-1800, 1807.  In February 2015 she underwent open reduction internal fixation of the fractures to her right toes.  Tr. 895.  By April 2015 she had minimal swelling and x-rays shows the fractures were well-reduced.  Tr. 901.  Defendant refers to this injury as healing within a month of surgery, but fails to acknowledge that the original injury was more than a year prior to the surgery.  ECF No. 31 at 3.  The ALJ did not explain why this condition did not meet the durational requirement.  On remand, the ALJ shall reconsider whether this or any of Plaintiff's other orthopedic injuries met the durational and severity requirements.

### b.    Syncope

The ALJ found Plaintiff's alleged syncopal episodes did not amount to a severe impairment as they did not significantly limit her ability to perform basic work-related activities.  Tr. 20.

Plaintiff argues the ALJ erred in failing to find her syncope to be a severe impairment, arguing the episodes continued for more than a year and resulted in multiple falls, which would have impaired her ability to work.  ECF No. 21 at 11-12.  Plaintiff further argues that if the episodes were considered to be linked to her

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

medication, then that was a side effect of medications that the ALJ needed to factor into the analysis. *Id.* Defendant argues the episodes were not linked to any medically established condition, and that symptoms alone are not enough without medical signs or laboratory findings, thus making this a non-medically determinable impairment. ECF No. 31 at 4-5. Defendant further argues there was nothing to support any substantial workplace limitations from syncope and episodes were only intermittent. *Id.* at 5-6.

As this claim is being remanded for further consideration of Plaintiff's subjective reports and other evidence, the ALJ shall also reconsider Plaintiff's syncope, along with any additional evidence that may be submitted on remand. The Court notes that while the ALJ discussed the lack of evidence establishing the source of Plaintiff's spells, the ALJ did not find the condition to be non-medically determinable; she found it to be non-severe. Tr. 20. On remand, the ALJ should clarify her findings if she continues to find this impairment to not be a severe medically determinable impairment at step two.

## 3.    Medical Expert Testimony

Plaintiff argues the ALJ improperly relied on the medical expert's testimony, asserting that it was admittedly wrong, that the medical expert was not aware of all of the issues and appeared to misunderstand the severity of Plaintiff's conditions, in addition to not having access to the most recently updated records. ECF No. 21 at 10-11. Defendant argues Plaintiff mischaracterizes the medical expert's statements and that there was nothing inherently flawed in his testimony. ECF No. 31 at 6-9.

The Court finds the ALJ did not err in relying on the medical expert's testimony. While the doctor acknowledged that the size and complexity of the record made it difficult to review, and that it was not always clear what the source of Plaintiff's problems was in all areas, Tr. 87-88, he still provided a discussion of her primary impairments and the limitations she would have in working. Tr. 88-

95.  With respect to the exhibits he did not review, they covered Plaintiff's most recent knee injury, records of which did appear in the file that the medical expert had access to.  Tr. 2247-48, 2285-86, 2298.  He testified that it was too soon to evaluate any additional limitations stemming from this injury as she was still in the convalescent phase in her recovery from surgery.  Tr. 90-91.  The Court finds no flaw in the medical expert's testimony or the ALJ's reliance on it.

**4.      Step Three**

Plaintiff argues the ALJ erred in making inadequate step three findings. Specifically, she asserts the ALJ erred in failing to find her chronic pain to equal Listing 14.09D or that her various fractures met or equaled Listing 1.02 or 1.06. ECF No. 21 at 13-15.

Plaintiff has offered no specific analysis of any of these listings or how the evidence indicates any of them are met or equaled.  However, as this claim is being remanded for reconsideration of other issues, the ALJ shall also reconsider step three in making a new decision.

**5.      Steps Four and Five**

Plaintiff argues that the ALJ erred in her step four and five determinations because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination.  ECF No. 21 at 20.  Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony and reassess the other steps of the analysis, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

**CONCLUSION**

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

proceedings would serve no useful purpose.  *Id.*  Remand is appropriate when additional administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated.  On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED IN PART**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 31**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED November 1, 2022.



_____

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE